**Bylbyl MARKU, Heroina Kamberi–Marku, Petitioners,**

**v.**

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–40871.**

United States Court of Appeals, Second Circuit.

May 16, 2005.

Jack Sachs, New York, New York, for Petitioners.

Kelly R. Labby, Assistant United States Attorney, for Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Erie, Pennsylvania, for Respondent.

Present: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

---

**1.** The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA"), entered on October 8, 2003, affirming the order of the immigration judge ("IJ"), entered on March 11, 2002, denying petitioners' application for asylum and their request for withholding of removal and finding their asylum application frivolous, is hereby GRANTED, and the case is REMANDED for further proceedings consistent with this order.

In an application dated October 27, 2000, Albanian nationals Bylbyl Marku and his wife, Heroina Kamberi–Marku, sought asylum and withholding of removal based on the fear that, if forced to return to their native country, Marku would be killed as part of a half-century old blood feud.[2] On March 1, 2002, shortly before the scheduled removal hearing, Marku's then-counsel supplemented the asylum application with affidavits by Marku and his cousin, Zef Mirakaj, stating that Mirakaj, now a United States citizen, had been a political activist in Albania and that Marku had been his bodyguard. The affidavits reported that both men were regularly arrested and beaten because of Mirakaj's activities.

The IJ denied asylum and withholding, finding that Marku was not a credible witness in light of the sudden and unexplained change in the substance of his relief application. Indeed, the IJ concluded that Marku's asylum application was frivolous and, under 8 U.S.C. § 1158(d)(6), she barred both Marku and Kamberi–Marku from ever obtaining asylum in the future. The BIA summarily affirmed pursuant to 8 C.F.R. § 1003.1(e)(5), and Marku petitions this court for review of that or-der. Because the BIA's order merely noted that it agreed with each of the IJ's conclusions, we review the decision of the IJ directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003); *accord Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004).

Marku challenges the IJ's refusal to permit Mirakaj to testify in support of his application. Though the IJ received Mirakaj's affidavit in evidence, she explained that she excluded his testimony because his political persecution allegations were so different from the blood feud claim supporting Marku's original asylum application. In short, without hearing the witness, the IJ concluded that he would not give credible testimony.

Under the statute governing removal proceedings, an alien "shall have a reasonable opportunity ... to present evidence on the alien's own behalf." 8 U.S.C. § 1229a(b)(4)(B); *see Augustin v. Sava,* 735 F.2d 32, 36 (2d Cir.1984). Because the rules of evidence do not govern removal proceedings, *see Felzcerek v. INS,* 75 F.3d 112, 116 (2d Cir.1996), an IJ has some latitude to receive evidence without demanding live testimony. But an IJ's evidentiary rulings must comport with due process. *See Secaida–Rosales v. INS,* 331 F.3d at 306 n. 2. Furthermore, an IJ "has an affirmative obligation to help establish and develop the record." *Id.* at 306; *see* 8 U.S.C. § 1229a(b)(1); *see also Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002). Here the IJ did not provide Marku with a "reasonable opportunity" to present evidence.

Mirakaj was a witness with direct knowledge of the facts central to Marku's claim of political persecution. Moreover, he was readily available to testify, being

2. The couple sought withholding of removal under both 8 U.S.C. § 1231(b)(3) and Article 3 of the Convention Against Torture.

756

present outside the hearing room when the IJ decided to preclude his testimony. Although the IJ's review of Mirakaj's affidavit gave her a summary of the alleged persecution about which he would have testified, it did not permit the IJ to evaluate Mirakaj's demeanor as the details of his account were developed on direct examination and tested on cross-examination. As we have recognized, "[a] fact-finder who assesses testimony together with witness demeanor is in the best position" to evaluate credibility. *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir.2004). Further, because Mirakaj prepared Marku's original asylum application, he could offer direct testimony as to the reasons for omitting any reference to political persecution on that form, the critical point in the IJ's determination that he would not offer any credible evidence. Indeed, Mirakaj's appearance on the witness stand would have afforded the parties an opportunity to probe the extent to which a claim of political persecution had played a part in Mirakaj's own procurement of United States citizenship, a circumstance that might bear on the *bona fides* of Marku's persecution claim. This is not to say that only live testimony can support a credibility determination. But when, as in this case, live testimony going to the crux of the asylum application is readily available, an IJ fails to comply with the mandate of 8 U.S.C. § 1229a(b)(4)(B) when she precludes the applicant from offering testimony on the assumption that the IJ will not credit what she has not yet heard. *See Zhou Yun Zhang v. United States INS,* 386 F.3d at 74 (noting that IJ's credibility conclusions cannot be reached "arbitrarily"); *see also Kaur v. Ashcroft,* 388 F.3d 734, 737 (9th Cir.2004) (holding that IJ's refusal to allow asylum applicant's son to provide corroborating evidence deprived her of full and fair hearing); *Podio v. INS,* 153 F.3d 506, 510–11 (7th Cir.1998)(holding that IJ's refusal to allow asylum appli-

cant's siblings to testify violated due process).

Because all three of the IJ's rulings—denying asylum, denying withholding, and finding Marku's asylum application frivolous—depended on her assessment of the persecution claim about which Mirakaj would have testified, the error we identify precludes affirmance of any part of the BIA order. The petition for review is hereby GRANTED, and the case is REMANDED for a new asylum hearing consistent with this order.