**Wei TSAI, Petitioner,**

**v.**

**Alberto R. GONZALES,* Respondent.**

**Docket No. 03–40780.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Stephen Singer, New York, New York, for Petitioner.

Larry Fentress, Assistant United States Attorney (David L. Huber, United States Attorney for the Western District of Kentucky) Louisville, Kentucky, for Respondent.

Present: WINTER, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is DISMISSED.

Petitioner Wei Tsai ("Tsai" or "petitioner") petitions for review of a September 26, 2003 order of the BIA, summarily affirming an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We assume the parties' familiarity with the facts and the procedural history of the case.

■ In the instant case, the IJ acknowledged that Tsai was legally eligible for cancellation of removal under 8 U.S.C. § 1229b(a) but denied relief as a matter of discretion. We have recently held that 8 U.S.C. § 1252(a)(2)(B) bars judicial review of discretionary but not purely legal decisions to deny cancellation of removal. *Sepulveda v. Gonzales*, 407 F.3d 59, 63 (2d Cir.2005). In consequence, we do not have jurisdiction to review the IJ's discretionary decision to deny cancellation of Tsai's removal.

■ Nevertheless, petitioner contends that § 1252(a)(2)(B)'s jurisdictional bar does not apply to his petition because he raises a substantial constitutional challenge; namely, that his right to a fair and impartial hearing, guaranteed under the Due Process Clause of the Fifth Amendment, was violated both by the IJ's admission of hearsay testimony by an FBI agent and by the BIA's summary affirmation of the judgment of the IJ. This Court has yet to rule on the question of whether an exception to § 1252(a)(2)(B)'s jurisdictional bar exists for review of substantial constitutional questions and we need not decide that question today. Assuming *arguendo* that such an exception exists, we would deny the petition in this case because Tsai was not deprived of due process of law.

The Fifth Amendment affords an alien the right to due process of law in a deportation proceeding. *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). However, adherence to the strict rules of evidence, including those related to the admission of hearsay evidence, is not constitutionally required in a deportation hearing. *Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir.1996). Instead, hearsay evidence may be admitted so long as it is probative and its use is fundamentally fair. *Id.* In this context, fairness is measured by the reliability and trustworthiness of the evidence. *Id.* FBI Agent Jason DeMartino's testimony regarding Tsai's admission of selling cocaine was probative on the issue of Tsai's credibility as a witness because it contradicted his prior testimony before the IJ. Several FBI reports detailed Tsai's admission and the observations of other FBI agents of an apparent sale of cocaine by Tsai corroborated Agent DeMartino's testimony. This testimony was sufficiently reliable and trustworthy to render its admission into evidence by the

IJ fundamentally fair and not violative of Tsai's right to due process of law.

 In *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 157 (2d Cir.2004), we held that a BIA summary affirmance of an IJ's denial of cancellation of removal does not deprive an applicant of due process of law.

We have considered Tsai's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DISMISSED.