Wladyslaw **FELZCEREK,** Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 109, Docket 94–4172.

United States Court of Appeals, Second Circuit.

Argued Oct. 19, 1995.

Decided Jan. 25, 1996.

---

James G. McKeon, New Canaan, Connecticut, for petitioner.

Steven I. Froot, Assistant United States Attorney for Southern District of New York, New York City (Mary Jo White, United States Attorney, James A. O'Brien III, Special Assistant United States Attorney, New York City, of counsel), for respondent.

Before: MESKILL, MAHONEY and WALKER, Circuit Judges.

MAHONEY, Circuit Judge:

Petitioner Wladyslaw Felzcerek petitions for review of an August 8, 1994 decision and order of the Board of Immigration Appeals (the "BIA") pursuant to § 106(a) of the Immigration and Nationality Act, as amended (the "INA" or "Act"), 8 U.S.C. § 1105a(a). The BIA dismissed Felzcerek's appeal from a December 10, 1990 decision and order of Immigration Judge Sydney B. Rosenberg (the "IJ") that found Felzcerek deportable under § 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2),[1] because he had overstayed his visitor's visa, and denied his applications for asylum, withholding of deportation, and voluntary departure pursuant to §§ 208(a), 243(h), and 244(e) of the Act, 8 U.S.C. §§ 1158(a), 1253(h), and 1254(e). Felzcerek petitions for review only of the Board's denial of his application for voluntary departure, asserting the invalidity of that determination on the grounds that: (1) the admission of certain hearsay evidence against him at his deportation hearing constituted a denial of due process of law; (2) the IJ failed to follow

an applicable regulation regarding cross-examination of witnesses at the deportation hearing; (3) the BIA's fact finding was clearly erroneous; and (4) the BIA abused its discretion in denying his application for voluntary departure. Felzcerek also asks this Court to review a motion to reopen that is currently pending before the BIA, or alternatively to stay his deportation pending final disposition of the motion to reopen.

The petition for review is denied.

## Background

Felzcerek is a native and citizen of Poland who was admitted to the United States as a nonimmigrant visitor on February 11, 1989, and was authorized to remain in the country for a period not exceeding six months. On August 15, 1989, more than six months after his entry into the United States, Felzcerek was arrested by an Immigration and Naturalization Service ("INS") agent in Bridgeport, Connecticut while applying for a driver's license at the Connecticut Department of Motor Vehicles (the "DMV"). The following day, the INS served upon Felzcerek an order to show cause which alleged that Felzcerek had overstayed his visitor's visa and was therefore deportable pursuant to § 1251(a)(2). Felzcerek conceded his deportability, but requested relief therefrom in the form of asylum, withholding of deportation, or in the alternative, voluntary departure.[2]

At the subsequent deportation hearing, at which Felzcerek was provided with an English-language interpreter and was represented by counsel, the INS opposed Felzcerek's requests for relief. The INS attempted to prove that Felzcerek had presented to the DMV a forged letter dated August 10, 1989 on INS letterhead (the "INS Letter") that purported to authorize him to remain in the United States until August 10, 1990. Over

---

1. The INA was subsequently amended. The corresponding provision is now at 8 U.S.C. § 1251(a)(1)(C).

2. Section 1254(e) authorizes the Attorney General to permit an alien subject to deportation to depart the United States voluntarily if the alien can "establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least [the preceding]

five years." "An alien who is granted voluntary departure avoids the stigma of deportation and is allowed to choose his destination." *Jain v. INS*, 612 F.2d 683, 686 n. 1 (2d Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). Reentry into the United States is considerably easier for an alien who has departed voluntarily than for one who has been deported. *Id.*

Felzcerek's objections, the IJ admitted into evidence the INS Letter, Felzcerek's completed application for a driver's license (the "DMV Application"), and a Record of Deportable Alien (Form I–213) dated August 15, 1989. The DMV Application contained a DMV official's handwritten notation indicating that Felzcerek had submitted an "Immigration and Naturalization Letter" as proof of identification. The Form I–213 had been completed by the arresting INS agent. It contained pedigree information about Felzcerek and briefly described the circumstances of his arrest, stating that: "To support his claim to legal Immigration status in the U.S.[,] Subject presented a copy of a letter with INS letterhead.... SUBJECT claimed that he received the letter in the mail but would not give any other information about it."

On the basis of this and other evidence, the IJ denied all of Felzcerek's applications for relief and ordered him deported to Poland. The IJ concluded that several adverse factors weighed against a discretionary grant of voluntary departure. Specifically, the IJ found that Felzcerek had submitted the fraudulent INS Letter to the DMV, had begun working illegally within three months of entering the United States, and had made false statements with respect to his application for asylum.

Felzcerek appealed the IJ's decision to the BIA, which determined that the IJ's denial of relief was proper in all respects and dismissed the appeal. Felzcerek filed the instant petition for review with this Court on September 27, 1994. While this appeal was pending, on November 14, 1994, Felzcerek filed a motion to reopen with the BIA, *see* 8 C.F.R. §§ 3.2, 3.8, alleging that newly discovered evidence (relating to the indictment in Connecticut for immigration fraud of individuals whom Felzcerek blamed for his submission of false documents to the DMV) warranted reconsideration of Felzcerek's application for voluntary departure.

### Discussion

■ Felzcerek contends that it was a denial of due process for the IJ to admit into evidence the Form I–213, the INS Letter, and the DMV Application without affording Felzcerek an opportunity to cross-examine the authors of the relevant statements. It is well settled that the Fifth Amendment entitles an alien to due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 305–07, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993). However, a deportation hearing is a civil matter, and the heightened procedural protections of a criminal trial "are not necessarily constitutionally required." *Dor v. District Director, INS*, 891 F.2d 997, 1003 (2d Cir.1989).

■ The due process test for admissibility of evidence in a deportation hearing "is whether the evidence is probative and whether its use is fundamentally fair." *Bustos–Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir.1990); *see also Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995); *cf. Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (due process test for ineffective assistance of counsel at deportation hearing is fundamental fairness). In the evidentiary context, fairness is closely related to the reliability and trustworthiness of the evidence. *See United States v. Medico*, 557 F.2d 309, 314 n. 4 (2d Cir.), *cert. denied*, 434 U.S. 986, 98 S.Ct. 614, 54 L.Ed.2d 480 (1977). For the reasons that follow, we hold that under the circumstances presented here, the IJ's admission of hearsay evidence was fundamentally fair and in accordance with due process.

■ Hearsay is an out-of-court statement introduced to prove the truth of the matter asserted. *See* Fed.R.Evid. 801(c). The Form I–213 and the DMV Application are properly characterized as hearsay because they were offered to prove the truth of statements contained therein, namely, that to obtain a driver's license, Felzcerek had submitted the purported INS Letter in support of his claim of lawful immigration status. The INS Letter, on the other hand, was not introduced to prove the truth of the matter stated therein (i.e., that Felzcerek was entitled to stay in the United States until August 10, 1990), and accordingly is not hearsay. Thus, Felzcerek offers no plausible objection to its admission in evidence at the deportation hearing.

■ The Form I–213 and DMV Application are records made by public officials in the ordinary course of their duties, and accordingly evidence strong indicia of reliability. This is so because public officials are presumed to perform their duties properly and generally lack a motive to falsify information. *See* Michael H. Graham, *Federal Practice and Procedure: Evidence* § 6759, at 663 (interim ed. 1992). Furthermore, a written public record is often more accurate than the potentially hazy memory of a public official who must deal with hundreds of instances of similar conduct. *See Wong Wing Foo v. McGrath,* 196 F.2d 120, 123 (9th Cir.1952).

The Federal Rules of Evidence recognize the reliability and probative worth of public records by allowing the following to be admitted into evidence as exceptions to the hearsay rule:

Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... matters observed pursuant to duty imposed by law as to which matters there was a duty to report, ... or ... in civil actions and proceedings ..., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8).[3] Rule 803(8) codifies a firmly rooted exception to the hearsay rule. *See United States v. Contreras,* 63 F.3d 852, 857 (9th Cir.1995); *see also Ohio v. Roberts,* 448 U.S. 56, 66 n. 8, 100 S.Ct. 2531, 2539 n. 8, 65 L.Ed.2d 597 (1980) (" 'Properly administered[,] the business and public records exceptions would seem to be among the safest of hearsay exceptions.' ") (quoting Comment, 30 La.L.Rev. 651, 668 (1970)).

The documents at issue here would probably be admissible under Rule 803(8). The DMV Application required a DMV official to fill in certain routine information about the applicant, such as vision-test results and proof of identification, and could therefore be considered a statement "setting forth ... matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Fed.R.Evid. 803(8).[4] The Form I–213, which contained routine pedigree information and details of the arrest, was completed by an investigating INS agent pursuant to his legal authority. *See* 8 U.S.C. § 1357(a); 8 C.F.R. §§ 287.5(c), 287.8(c). The statements concerning Felzcerek's attempted fraud can therefore be characterized as "factual findings resulting from an investigation made pursuant to authority granted by law." Fed.R.Evid. 803(8).

■ Of course, whether the admission in evidence of the DMV Application and the Form I–213 complied with the specific requirements of the Federal Rules of Evidence is a question we need not reach, for the strict rules of evidence do not apply in deportation proceedings. *See Bustos–Torres,* 898 F.2d at 1055. Nevertheless, a document's admissibility under the Federal Rules of Evidence lends strong support to the conclusion that admission of the evidence comports with due process. *See Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539 ("Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception."); *Webb v. Lane,* 922 F.2d 390, 393 (7th Cir.1991) ("[I]t is not likely that a settled hearsay exception will violate any clause of the Constitution."); *United States v. Salim,* 855 F.2d 944, 954–55 (2d Cir.1988) (applying *Roberts* ). We conclude that the DMV Application and the Form I–213 contain guarantees of reliability and trustworthiness that are substantially equivalent to those required of documents admissible under Rule 803(8).

---

**3.** The Federal Rules of Evidence contain a similar exclusion from the hearsay rule for the following types of business records:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, ... unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed.R.Evid. 803(6).

**4.** The DMV Application might also qualify as a business record under Rule 803(6). *See supra* note 3.

Other courts have agreed that a Form I–213 is presumptively reliable and can be admitted in deportation proceedings without giving the alien the opportunity to cross-examine the document's author, at least when the alien has put forth no evidence to contradict or impeach the statements in the report. *See Espinoza,* 45 F.3d at 310–11; *Bustos–Torres,* 898 F.2d at 1056; *see also INS v. Lopez–Mendoza,* 468 U.S. 1032, 1049, 104 S.Ct. 3479, 3488, 82 L.Ed.2d 778 (1984) (noting that officer who completes a Form I–213 "rarely must attend the hearing"). This is not a case where the reliability of the form is somehow undermined. *See Murphy v. INS,* 54 F.3d 605, 610–11 (9th Cir.1995) (vacating BIA determination based in part upon inaccurate I–213 for which information was provided by biased INS informant); *Cunanan v. INS,* 856 F.2d 1373, 1374–75 (9th Cir.1988) (vacating BIA determination premised upon uncorroborated affidavit of absent witness and Form I–213 reporting substance of interview of the witness by an INS officer); *see also* Fed.R.Evid. 803(8) (public records admissible "unless the sources of information or other circumstances indicate lack of trustworthiness").

Unlike the aliens in *Cunanan* and *Murphy,* Felzcerek did not present at his deportation hearing any evidence or argument to contradict the government's allegation that he had submitted the fraudulent INS Letter to the DMV. Rather, Felzcerek's ultimate response to this accusation was that he could not recall whether he had had the INS Letter in his possession, while he nonetheless indicated that it had been submitted to the DMV with his DMV Application. Under these circumstances, we agree with the Fifth and Ninth Circuits that "[a]liens in deportation proceedings 'may not assert a cross-examination right to prevent the government from establishing uncontested facts.'" *Espinoza,* 45 F.3d at 311 (quoting *Olabanji v. INS,* 973 F.2d 1232, 1234 n. 1 (5th Cir.1992)). Accordingly the IJ's admission of the Form I–213 and the DMV Application did not deprive Felzcerek of due process of law.

■ As a variant on the cross-examination theme, Felzcerek contends that the IJ failed to follow an administrative regulation requiring the IJ to advise Felzcerek of his right to cross-examine the hearsay declarants. *See* 8 C.F.R. § 242.16(a) ("The Immigration Judge shall ... advise the respondent that he will have a reasonable opportunity ... to cross-examine witnesses presented by the Government...."). An agency's failure to follow its own regulations in a quasi-judicial proceeding can require relief in certain circumstances. *See Waldron v. INS,* 17 F.3d 511, 517–18 (2d Cir. 1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 572, 130 L.Ed.2d 489 (1994). Because the authors of the documents were not, and need not have been, presented as government witnesses, however, the IJ was not required to inform Felzcerek of a putative right to cross-examine them.

■ Felzcerek also contends that the IJ's factual finding that he committed fraud was clearly erroneous, and that the IJ and the BIA abused their discretion in denying his motion for voluntary departure. First, having rejected Felzcerek's challenge to the documentary evidence, we conclude that this evidence clearly supports the finding that Felzcerek attempted to use fraudulent means to procure a driver's license. Second, "[t]he grant or denial of voluntary departure lies within the broad discretion of the ... INS." *Muigai v. INS,* 682 F.2d 334, 336 (2d Cir. 1982) (citing *Pang Kiu Fung v. INS,* 663 F.2d 417, 419 (2d Cir.1981) (per curiam)). This Court's duty in reviewing a discretionary decision by the INS is to "decide whether or not the INS considered the appropriate factors and came to a decision that has any rational basis." *Dhine v. Slattery,* 3 F.3d 613, 619 (2d Cir.1993) (denial of asylum); *see also Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994) (denial of waiver of deportability). In this case, the BIA's decision, based upon Felzcerek's use of a forged INS document, is clearly a rational one that we will not disturb. *Cf.* § 101(f)(6) of the INA, 8 U.S.C. § 1101(f)(6) (precluding finding of good moral character as to person who has given false testimony in order to obtain any benefit under the INA); *Abedini v. INS,* 971 F.2d 188, 193 (9th Cir.1992) (upholding denial of voluntary departure when alien presented

**118**

a forged passport and made false statements to INS officials).

■ Felzcerek argues that the BIA abused its discretion because it failed to exercise independent judgment in considering his application for voluntary departure, and instead relied only upon the findings of the IJ. This claim is not supported by the record, which shows that the BIA exercised its independent discretion. In any event, the BIA would have been entitled to rely upon the IJ's determination as long as the IJ's decision contained "sufficient reasoning and evidence to enable us to determine that the requisite factors were considered," *Arango–Aradondo,* 13 F.3d at 613, as it did in this case.

■ Finally, Felzcerek requests that this Court either consider the merits of the motion to reopen that Felzcerek filed with the BIA, or stay the instant proceedings until the BIA reviews the motion to reopen. We lack jurisdiction to review the merits of an alien's motion to reopen before the BIA has had an opportunity to do so. *See* § 106(c) of the INA, 8 U.S.C. § 1105a(c); *Bothyo v. INS,* 783 F.2d 74, 74–75 (7th Cir.1986). Similarly, if Felzcerek wished to stay his deportation pending consideration of his motion to reopen, he should have made that application to the appropriate INS district director. *See* 8 C.F.R. § 243.4; *Kyei v. INS,* 65 F.3d 279, 284 (2d Cir.1995).

Conclusion

Felzcerek's petition for relief is denied. The mandate shall issue forthwith.