**Stanislav Roberto AMIRKHANIAN, Petitioner–Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 03–4037.

United States Court of Appeals, Second Circuit.

Dec. 14, 2004.

Frederick P. Korkosz, (Kristen Wagner, legal intern, on the brief) Law Offices of Alice K. Berke, Albany, New York, for Appellant.

Christopher V. Taffe, Assistant United States Attorney, (Michael A. Battle, United States Attorney for the Western District of New York) Rochester, New York, for Appellee, of counsel.

PRESENT: OAKES, JACOBS, and CABRANES Circuit Judges.

## SUMMARY ORDER

Stanislav Roberto Amirkhanian appeals from a final decision by the Board of Immigration Appeals ("BIA") denying his request for asylum and withholding of deportation and ordering Amirkhanian's departure, entered on December 13, 2002. We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal.

We review *de novo* the legal determinations of the BIA. *Khouzam v. Ashcroft,* 361 F.3d 161, 164 (2d Cir.2004).

1. Amirkhanian first alleges that his due process rights were violated because he was not given a translator during his hearing before the Immigration Judge ("IJ"). Based on the record presented, we conclude that this claim is without merit. *See Abdullah v. INS,* 184 F.3d 158, 164 (2d Cir.1999).

2. Amirkhanian contends that his due process rights were denied because the IJ failed to admit a document purporting to be an English translation of a videotaped conversation. "The due process test for admissibility of evidence in a deportation hearing 'is whether the evidence is probative and whether its use is fundamentally fair.'" *Felzcerek v. INS,*

75 F.3d 112, 115 (2d Cir.1996). "In the evidentiary context, fairness is closely related to the reliability and trustworthiness of the evidence." *Id.* As Amirkhanian's counsel admitted, the "transcript" urged by Amirkhanian was not a word for word translation. It therefore lacked adequate foundation as to its accuracy. Under these circumstances, the exclusion was "fundamentally fair and comported with due process." *Id.* Additionally, Amirkhanian was allowed to testify as to his subjective reaction to the contents of the tape, and there is no indication that exclusion of the tape prejudiced Amirkhanian in any meaningful way.

3. Amirkhanian next urges that the BIA improperly denied his request for asylum and withholding of deportation. As to asylum, we review the factual findings of the BIA under the "substantial evidence" standard, *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam), which is highly deferential, *see Zhang v. U.S. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004). Since the BIA adopted the conclusions of the IJ, we review the decision of the IJ as if it were that of the BIA. *Zhang v. U.S. Dep't of Just.*, 362 F.3d 155, 158 (2d Cir.2004) (*per curiam*).

Amirkhanian argues that he is subject to persecution 1) by reason of his mixed Armenian–Polish ancestry; and 2) because he is a member of the Armenian Revolutionary Front ("ARF"), a disfavored political party. Based on a thorough review of the record, we agree with the BIA that Amirkhanian "failed to meet his burden of showing either past persecution or a well-founded fear of future persecution."

For the foregoing reasons, the petition is DENIED and the decision and order of the BIA are AFFIRMED.