**Shaoming GUO, Petitioner,**

v.

**UNITED STATES IMMIGRATION
AND NATURALIZATION
SERVICE, Respondent.**

No. 03–4238–AG.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2005.

Jim Li, New York, New York, for Petitioner.

Matt M. Dummermuth, Assistant United States Attorney, Office of United States Attorney for the Eastern District of Virginia, Alexandria, Virginia, for Respondent.

PRESENT: WALKER, Chief Judge, POOLER, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED in part and GRANTED in part

and the case is remanded for further proceedings.

Shaoming Guo petitions for review of an order of the BIA affirming an order of an immigration judge ("IJ") denying his application for asylum and withholding of removal, finding him ineligible for Convention Against Torture ("CAT") relief, and ordering him removed to China. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal and hold as follows:

■ In *Diallo v. INS*, this Court found that to turn down an asylum applicant for want of sufficient corroboration, the BIA must: (1) "decide explicitly" whether or not the applicant's testimony was credible, without relying exclusively on the lack of corroborating evidence; and (2) if the applicant is deemed credible, determine whether additional corroboration is nonetheless necessary for the applicant to meet his or her burden of proof. 232 F.3d 279, 287–90 (2d Cir.2000). "If the BIA insists on further corroboration, it should explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290. In the present case, the IJ made what *Diallo* terms an "explicit credibility determination." Specifically, the IJ concluded that there was an "insufficient basis to determine that [Guo] testified other than credibly." However, although Guo's testimony was deemed credible, the BIA's finding that he failed to provide a sufficient explanation for his failure to submit a corroborating statement from his wife and that such a statement was reasonably available are supported by substantial evidence. Guo admitted that he regularly communicated with his wife and that she sent a number of the exhibits the he had submitted in support of his claim. Because Guo's family planning claim was based solely on his wife's experiences, of which she clearly had personal knowledge, Guo's explanation that no one asked him to submit a statement from his wife and that he did not believe that such a statement would be useful is unreasonable. Accordingly, Guo's petition for review is denied with respect to that claim.

■ However, with respect to Guo's claim that he suffered past persecution based on his and his father's political activities, the petition for review is granted and the case remanded to the BIA for further proceedings. Under the statute governing removal proceedings, an alien "shall have a reasonable opportunity ... to present evidence on the alien's own behalf." 8 U.S.C. § 1229a(b)(4)(B); *see also Augustin v. Sava*, 735 F.2d 32, 36 (2d Cir.1984). Because the rules of evidence do not govern removal proceedings, *see Felzcereck v. INS*, 75 F.3d 112, 116 (2d Cir.1996), an IJ has some latitude to receive evidence without demanding live testimony. But an IJ's evidentiary rulings must comport with due process. *Secaida–Rosales*, 331 F.3d at 306 n. 2 (2d Cir.2003). Furthermore, an IJ "has an affirmative obligation to help establish and develop the record." *Id.* at 306; *see also* 8 U.S.C. § 1229a(b)(1) (describing the IJ's powers to develop evidence); *Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir.2002).

Here, the IJ did not provide Guo with a reasonable opportunity to present evidence concerning his political persecution claims. Although Guo indicated that he "ultimately" left China because of the family planning policy, calling his *subjective* fear of persecution into doubt, this is relevant only to his application for asylum. To prevail on a claim for withholding of removal an alien must *objectively* show a clear probability that he will suffer persecution in the country of removal. *See INS*

v. *Cardoza–Fonseca*, 480 U.S. 421, 430, 439–40, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Moreover, once an alien is determined to have suffered past persecution in the country of removal, "it shall be presumed that [the alien's] life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1). This presumption may be rebutted if an IJ finds that there has been a fundamental change in circumstances or that the alien could avoid a future threat to his life or freedom by relocating to another part of the country of removal. *See id.* In his amended application, Guo indicated that he had been required to live in a labor camp with his father for ten years because of his father's political activity. This allegation certainly rises to the level of past persecution. Although this past persecution occurred in the 1960's and 1970's, Guo's allegations were sufficient to establish a presumption of future persecution and the IJ did not expressly find that there had been a fundamental change in country conditions, such that the presumption of future persecution was rebutted. Accordingly, the IJ's failure to permit Guo and the Government to develop the record with regard to this claim was improper.

For these reasons, the petition for review is denied with respect to Guo's family planning claim, granted with respect to Guo's claim that he suffered past persecution on the basis of his and his father's political activities, and the case is remanded to the BIA for further proceedings.