Nana Opoku AGYEMANG, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

No. 03–40467.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as Respondent.

Eric W. Schultz, Sacks, Kolken & Schultz (Robert D. Kolken), Buffalo, NY, for Appellant, of counsel.

Myrna B. Silen, Assistant United States Attorney (Richard B. Roper, United States Attorney for the Northern District of Texas), Dallas, TX, for Appellee, of counsel.

** Of the United States District Court for the Southern District of New York, sitting by des-

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. RICHARD CONWAY CASEY, District Judge.**

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of December, two thousand and five.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Nana Opoku Agyemang petitions for review of an order of the BIA, affirming an order of an immigration judge ("IJ"), which found Agyemang to be inadmissible, denied his application for a waiver of inadmissibility, and ordered him removed to Ghana.

■ We review factual findings in a BIA or IJ decision under the "substantial evidence" standard. *See Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). We give "particular deference" to factual conclusions underlying the IJ's credibility determinations. *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)). Here, the government had the burden of proving by "clear and convincing evidence" that Agyemang violated 8 U.S.C. § 1182(a)(6)(E)(i) by "knowingly ... encourag[ing] ... or aid[ing] any other alien to enter or to try to enter the United States in violation of law." Upon careful review of the record, we conclude that substantial evidence supports the conclusion that the government met its burden.

ignation.

The IJ observed that Agyemang's story of how "Tony" gained possession of Nana Sarpong's green card was implausible. As the IJ and the BIA also noted, there were several inconsistencies between the story told by Agyemang and that told by Sarpong. In addition, the government presented two INS witnesses, whom the IJ found to be credible, whose testimony supported the proposition that Agyemang knew at the time he was stopped by immigration officers of the plan to bring "Tony" into the United States illicitly. Corroborating memoranda were entered into evidence in support. The BIA determination that Agyemang was inadmissible was thus supported by substantial evidence.

 Agyemang claims that he was denied a fundamentally fair hearing. He argues first that Exhibit 5, a preliminary handwritten report, was improperly considered as evidence because it had been marked for identification only. As an initial matter, it is not clear that this exhibit was in fact considered as evidence; neither the IJ nor the BIA referred to it in their decisions. In any event, consideration of Exhibit 5 would not constitute a due process violation because there was nothing of substance in this preliminary report that was not contained in the final typewritten report that was admitted into evidence, and about which Truesdale was cross-examined. Agyemang also contends that the testimony of Inspector Gallagher should have been stricken because Gallagher suggested during cross-examination that he could not independently recall the incident. However, "[t]he due process test for admissibility of evidence in a deportation hearing is whether the evidence is probative and whether its use is fundamentally fair." *Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir.1996) (internal quotation marks and citation omitted). Agyemang cannot show that Gallagher's testimony was not "probative" or that its use was "fundamentally [un]fair." *Id.*

We have considered Agyemang's remaining due process arguments and find them to be without merit.

Lastly, Agyemang argues that to whatever extent section 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, Div. C, 110 Stat. 3009, 3009–546, 626, strips this Court of jurisdiction over an appeal of the merits of a discretionary decision under section 212(c), we nonetheless retain jurisdiction to entertain claims that the BIA violated the law in how it came to its determination. We need not and do not decide whether Agyemang is correct because it is clear in any event that the substance of Agyemang's legal contentions are without merit.

 Contrary to Agyemang's arguments, there is no evidence that the IJ or the BIA failed to consider all of the factors required under the BIA case law for a determination of waiver under section 212(c). *See Matter of Edwards*, 20 I & N Dec. 191, 195 (BIA 1990) (listing factors). Agyemang also argues that the IJ improperly punished him for not having admitted his participation in the scheme. Agyemang provides no authority, however, nor are we aware of any, for the proposition that a petitioner's lack of honesty or lack of remorse may not be taken into account in determining whether waiver is warranted. *See id.* Agyemang also argues that the BIA improperly failed to conduct de novo review of the IJ's decision. But Agyemang appears to concede, a concession we think to be required, that the BIA has the power, not the obligation, to conduct such review. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

For the reasons set forth, Agyemang's petition is hereby DENIED.