**Amar JAH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3070–AG.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Mark M. Nesbit, Columbus, Ohio, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Paul S. Padda, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

Present: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Amar Jah, through counsel, petitions for review of the BIA decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews questions of law, including claims that the IJ used an improper legal standard, *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

The IJ denied Jah's asylum claim on the ground that he failed to prove by clear and convincing evidence that his asylum claim was filed within one year of entry in the United States. Because Jah makes a constitutional claim by arguing that the IJ denied him due process by not holding a hearing with respect to the one-year bar

issue, this Court has jurisdiction to review the one-year bar finding. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

■ The Due Process Clause applies to all persons in the United States, and it follows that an alien in removal proceedings is entitled to due process of law. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 693—94, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Specifically, due process requires that aliens be afforded a fundamentally fair removal hearing. *See, e.g., Felzcerek v. INS,* 75 F.3d 112, 115 (2d Cir.1996). In this case, the IJ delayed the case on three different occasions in order to allow Jah to submit evidence relating to the potential one-year bar problem, as well as evidence relating to withholding of removal and CAT claims from Senegal. Jah claimed that he had evidence available at his next hearing, but it had not yet been translated. He did not have any other documents that were suitable for submission with respect to the one-year bar issue. Although the IJ did not hold a hearing on the one-year bar issue, the IJ did not violate Jah's due process rights because he was given a full and fair opportunity to present evidence proving he filed his asylum application within one year of entry into the United States.

■ Since Jah declined to designate a country of removal, and the IJ was unable to determine Jah's country of citizenship or nationality, the IJ properly designated a country under 8 U.S.C. § 1231(b)(2)(E). Senegal, the country of removal, was "the country in which is located the foreign port from which the alien left for the United States." 8 U.S.C. § 1231(b)(2)(E)(ii). In his asylum application, Jah admitted that he was living in Senegal immediately before entering the United States and used a false Senegalese passport to enter the United States. Accordingly, the IJ's des-

ignation of Senegal as the country of removal was proper.

Jah argues that he did not have an opportunity to contest the designation of Senegal as the country of removal, but the statute does not require this. The statute only requires that the IJ designate the proper country of removal based on the guidelines provided. *See* 8 U.S.C. § 1231(b)(2). Because Jah failed to submit a withholding of removal or CAT claim based on fear of returning to Senegal, the IJ properly determined that those claims were waived.

■ Jah also challenges the BIA's decision to "streamline" his case. Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm an IJ's decision without opinion, or streamline the case, when the board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and (2) either (a) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (b) the issues raised on appeal "are not so substantial that the case warrants the issue of a written opinion." *See* 8 C.F.R. § 1003.1(e)(4)(i)(A), (e)(4)(i)(B). Because the IJ's decision did not contain any material errors, and the issues on appeal to the BIA were squarely controlled by existing precedent and do not involve a novel set of facts, this case fits squarely within the criteria laid out in the regulations.

Accordingly, the petition is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).