Ayotunde Theophilus OSUDE,
Petitioner,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
Respondent.

No. 04–0228–AG.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2006.

924

Denis P. Bergin, Glazier & King, Norwell, Massachusetts, for Petitioner.

Gordon Cecil, Assistant United States Attorney, Office of the United States Attorney for the Eastern District of Oklahoma, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Ayotunde T. Osude petitions for review of the December 2003 order of the BIA affirming a decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering him removed to Nigeria. We assume the parties' familiarity with the facts and procedural history underlying this petition.

■ There is some question as to whether the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, Title I, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)), permits us to review the question of whether the one-year bar operates to foreclose Osude's petition. We do not reach the issue, however, because the IJ properly denied Osude's asylum claim on the alternate ground that he had failed to offer sufficient evidence that he had suffered past persecution or had a well-founded fear of future persecution if he were to be returned to Nigeria to prevail.

The IJ's finding that Osude had not demonstrated eligibility for relief is supported by substantial evidence. As the IJ correctly observed, Osude established, at most, that he and his family had been the victims of isolated, random acts of violence—however dreadful they may have been—by Muslim militants. Although "[d]iscrimination, harassment, and violence by groups that the government is unwilling or unable to control can ... constitute persecution," see *Korablina v. INS*, 158

F.3d 1038, 1044 (9th Cir.1998), Osude did not present any evidence that the Nigerian government failed to respond adequately to either incident upon which he based his claim. Indeed, an article he submitted in support of his application revealed that, with respect to the 1987 incident, the Nigerian government had arrested several individuals involved. *See* JA at 455. Additionally, with respect to the 1990 incident, although Osude did not believe that the Nigerian police had arrested those who had been engaged in vandalism, the police responded to the complaint with respect thereto and filed a report regarding the incident.

As the IJ correctly noted, moreover, after the 1987 attack, Osude moved to a different area in Nigeria, where he lived without significant incident until he left Nigeria in 1992. Accordingly, although Osude may be correct in his contention that Christians experience discrimination and harassment in some areas of Nigeria, we cannot say that the IJ erred in concluding that Osude failed to demonstrate that he had suffered past persecution or had a well-founded fear of future persecution.

 Because Osude failed to present any evidence that he would likely be tortured upon his return to Nigeria, the IJ properly denied his claim for CAT relief as well. Finally, we find meritless Osude's contention that his inability to cross-examine Immigration Inspector Needham denied him due process. Under the statute governing removal proceedings, an alien "shall have a reasonable opportunity ... to present evidence on the alien's own behalf." 8 U.S.C. § 1229a(b)(4)(B); *see also Augustin v. Sava,* 735 F.2d 32, 36 (2d Cir.1984). Because the rules of evidence do not govern removal proceedings, *see Felzcerek v. INS,* 75 F.3d 112, 116 (2d Cir.1996), an IJ has some latitude to receive evidence without demanding live testimony, but an IJ's evidentiary rulings must comport with due process. *See Secaida–Rosales v. INS,* 331 F.3d 297, 306 n. 2 (2d Cir.2003).

In the present case, Osude indicated at the removal hearing that he did not object to the contents of Needham's report and merely wished to cross-examine Needham regarding the length of time that had elapsed prior to Osude's recantation of his claim that he was a United States citizen. Although the IJ did not require the Government to produce Needham for cross-examination, the IJ permitted Osude to testify with respect to the timing of the events described in Needham's report and the IJ credited Osude's testimony that he retracted his misrepresentation within 10 minutes. To the extent that Osude argues in this Court that cross-examination was required because Needham's statement reflected negatively on his credibility, the IJ did not make an adverse credibility finding in denying Osude's application and there is no indication that Needham's statement otherwise adversely affected the IJ's analysis of the merits of Osude's claims. Accordingly, Needham's failure to testify does not amount to a denial of due process.

For these reasons, the petition for review is denied. Having completed our review, the stay of removal that the Court granted in this proceeding is VACATED.