SUMMARY ORDER

Xue Hua Zhang, a native and citizen of the People’s Republic of China, seeks review of a February 28, 2008 order of the BIA affirming the October 10, 2007 decision of Immigration Judge (“IJ”) Gabriel C. Videla, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xue Hua Zhang, No. A99 559 571 (B.I.A. Feb. 28, 2008), aff'g No. A99 559 571 (Immig. Ct. N.Y. City Oct. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
In her brief, Zhang “only asks that the Court stay its mandate and retain jurisdiction over a motion to reopen” based on the ineffective assistance of her former counsel. However, Zhang proffers no argument (other than asserting her intent to file a motion to reopen) in support of such a stay. If Zhang wishes to stay her removal pending the BIA’s consideration of any future filed motion to reopen, she may seek a stay from the agency. See 8 C.F.R. § 1241.6; see also Felzcerek v. INS, 75 F.3d 112, 118 (2d Cir.1996) (denying a petitioner’s request to stay proceedings for the BIA to review a pending motion to reopen where he should have sought a stay from the agency). Accordingly, we decline Zhang’s request to stay the mandate pending the outcome of any motion to reopen she may choose to file in the future.
We further note that, as the government contends, Zhang has abandoned any challenge to the IJ’s decision insofar as he pretermitted her application for asylum pursuant to 8 U.S.C. § 1158(a)(2)(B) and insofar as he denied her application for CAT relief. Moreover, the government correctly argues that Zhang failed to challenge before the BIA the IJ’s finding that she was not credible as to her claim of past persecution or the IJ’s finding that she did not have an objectively reasonable fear of persecution. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004) (recognizing that in addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court). Thus, regardless of the merits of Zhang’s challenge to the IJ’s finding that she was not credible as to her subjective fear of persecution, her failure to exhaust any challenge to the IJ’s finding that she failed to establish past persecution or demonstrate that her purported fear of persecution was objectively reasonable is disposi-tive of her challenge to the denial of her application for withholding of removal. See 8 C.F.R. § 1208.16(b)(1) (providing that a past threat to life or freedom creates a presumption of a future threat); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).
For the foregoing reasons, the petition for review is DENIED. As we have com *472 pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).