**XING YONG DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 07–4946–ag.**

United States Court of Appeals, Second Circuit.

April 23, 2009.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Alison Marie Igoe, Senior Litigation Counsel; Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, and Circuit Judges.

## SUMMARY ORDER

Xing Yong Dong, a native and citizen of the People's Republic of China, seeks review of an October 18, 2007 order of the BIA affirming the October 31, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which found his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") withdrawn. *In re Xing Yong Dong,* No. A77 957 651 (B.I.A. Oct. 18, 2007), *aff'g* No. A77 957 651 (Immig. Ct. N.Y. City Oct. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Here, Dong's only challenge to the agency's decision is his argument that the IJ failed to adequately develop the record with regard to his claim that he feared persecution for testifying against a smuggler. However, as the government correctly argues, Dong failed to exhaust this issue before the BIA. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) (per curiam). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Accordingly, because Dong failed to raise before the BIA his argument that the IJ failed to adequately develop the record, and because the government has raised this failure to exhaust in its brief, we decline to consider Dong's argument on this issue. *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

As to Dong's request that we stay the mandate in this case to allow him to file a motion to reopen with the BIA, he proffers no argument in support of such a stay.

Moreover, if Dong wishes to stay his removal pending the BIA's consideration of any future filed motion to reopen, he may seek a stay from the agency. *See* 8 C.F.R. § 1241.6; *see also Felzcerek v. INS,* 75 F.3d 112, 118 (2d Cir.1996) (denying a petitioner's request to stay proceedings for the BIA to review a pending motion to reopen where he should have sought a stay from the agency). Accordingly, we decline Dong's request to stay the mandate pending the outcome of any motion to reopen he may choose to file in the future.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).