Huang v. Lynch

BIA
Poczter, IJ
A200 926 271
A205 218 835

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fifteen.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
        *Circuit Judges.*

_____

MEIQING HUANG, JINDING HUANG,
      *Petitioners,*

      v.                       14-2177
                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*[1]

_____

FOR PETITIONERS:      Gregory G. Moratta, Vernon, NJ.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Benjamin C. Mizer, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Yedidya Cohen, Trial Attorney; Jonathan K. Ross, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, both natives and citizens of China, seek review of a June 5, 2014, decision of the BIA, affirming the February 8, 2013, decision of an Immigration Judge ("IJ"), which denied Meiqing's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT").[2] *In re Meiqing, Jinding Huang*, Nos. A200 926 271, A205 218 835 (B.I.A. June 5, 2014), *aff'g* Nos. A200 926 271, A205 218 835 (Immig. Ct. N.Y. City Feb. 8, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

[2] Because Jinding Huang is listed as a derivative beneficiary of his wife's asylum application, this order refers to Meiqing Huang.

Under the circumstances of this case, we have reviewed both the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Meiqing's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence, "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

Initially, Meiqing asserts that she was denied due process because the IJ admitted into evidence an asylum officer's

3

assessment to refer without the officer being called to testify. The Federal Rules of Evidence and the heightened procedural protections of a criminal trial do not apply to the admission of documentary evidence in a removal proceeding. *See Felzcerek v. INS,* 75 F.3d 112, 115 (2d Cir. 1996). Instead, evidence may be admitted if it does not violate the alien's right to due process of law, that is, "if it is probative and its use is fundamentally fair." *Montero v. INS,* 124 F.3d 381, 385–86 (2d Cir. 1997). Fairness in this context "is closely related to the reliability and trustworthiness of the evidence." *Id.* at 386 (internal quotation marks omitted). Given that Meiqing did not (and does not now) question the reliability of the assessment to refer, it was not error for the IJ to admit the evidence without requiring the asylum officer to testify.[3] Thus, the IJ properly considered the assessment to refer and reasonably found the following inconsistencies negatively affected Meiqing's credibility.

First, the agency reasonably relied on an inconsistency concerning whether Meiqing had a medical exam following her

---

[3] We note that, contrary to Meiqing's assertion, the IJ did not consider the handwritten notes attached to the assessment to refer.

alleged forced abortion.  Meiqing denied ever having a medical exam in China following her forced abortion, but Jinding testified that she did indeed return to the doctor for an examination.

Second, the agency reasonably relied on inconsistencies concerning Meiqing's alleged abortion certificate.  Meiqing testified that she was forced to have an abortion on November 3, 2010.  However, the abortion certificate itself reflected that her abortion occurred on November 3, 2011, a year later. Meiqing explained that the doctor had mistakenly recorded the date, and that she was given the abortion certificate on the day of her abortion.  Jinding, however, testified that he and Meiqing were *not* given the abortion certificate in China and did not even see it until Meiqing's mother mailed it to them in the United States.  And the agency reasonably relied on inconsistencies concerning when the Petitioners discovered that the certificate contained the wrong date.

The agency reasonably relied further on inconsistencies regarding how many passports Meiqing had been issued, how many times she had left China, whether her mother initially refused to pay Meiqing's fine, and where Meiqing lived when immigration

5

proceedings were initiated.  The agency also reasonably determined that the other record evidence failed to rehabilitate Meiqing's incredible testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given these findings, the totality of the circumstances supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT relief as those claims are based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk