Gupta v. Lynch

BIA
Chew, IJ
A098 235 582

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

_____

SANDIP GUPTA,

> *Petitioner*,

v.                                                          15-2167

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

_____

FOR PETITIONER:            Alexander G. Rojas, Barst Mukamal & Kleiner LLP, New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Sandip Gupta, an alleged native and citizen of India, seeks review of a June 18, 2015, decision of the BIA, affirming a November 1, 2013, decision of an Immigration Judge ("IJ") ordering Gupta removed to India. *In re Sandip Gupta*, No. A098 235 582 (B.I.A. June 18, 2015), *aff'g* No. A098 235 582 (Immig. Ct. N.Y.C. Nov. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Scope and Standards of Review

We generally lack jurisdiction to review a final order of removal against an alien, who is removable by reason of having been convicted of a crime involving moral turpitude. 8 U.S.C. § 1252(a)(2)(C), (D). However, we retain jurisdiction "to determine whether we have jurisdiction" — in this case, to determine whether Gupta "is in fact an alien whose petition is unreviewable under § 1252(a)(2)(C)." *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005). "If [Gupta] is a United States citizen, then § 1252(a)(2)(C) cannot bar his petition." *Id.*

Clear and convincing evidence that the petitioner was born abroad creates a presumption of alienage. *See Matter of*

2

*Rodriguez-Tejedor*, 23 I. & N. Dec. 153, 164 (B.I.A. 2001); *Matter of Tijerina-Villarreal*, 13 I. & N. Dec. 327, 330-31 (B.I.A. 1969). The petitioner may rebut that presumption only by proving, by "a preponderance of the credible evidence," that he is a citizen notwithstanding his foreign birth. *Rodriguez-Tejedor*, 23 I. & N. Dec. at 164; *Tijerina-Villarreal*, 13 I. & N. Dec. at 330.

Under the circumstances of this case, we review both the IJ's and BIA's decisions regarding Gupta's alienage "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the IJ's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We have observed, however, that substantial evidence review becomes "more demanding" in the removability context in light of the Government's burden of proof. *Francis v. Gonzales*, 442 F.3d 131, 138-39 (2d Cir. 2006). To set aside the agency's determination, "we must find that any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Id.*

"The Federal Rules of Evidence do not apply in removal proceedings; rather, '[e]vidence is admissible provided that it does not violate the alien's right to due process of law.'" *Zerrei v. Gonzales*, 471 F.3d 342, 346 (2d Cir. 2006) (quoting *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006)). "The

3

standard for due process is satisfied if the evidence 'is probative and its use is fundamentally fair,' fairness in this context being 'closely related to the reliability and trustworthiness of the evidence.'" *Id.* (quoting *Zhen Nan Lin*, 459 F.3d at 268).

II. Discussion

Gupta's claim of citizenship turns on whether or not he was born in the United States. We conclude that substantial evidence supports the agency's determination that the Government established "by clear, unequivocal, and convincing evidence" that Gupta was not born in the United States. *Woodby v. INS*, 385 U.S. 276, 286 (1966). The agency reasonably relied on Gupta's social security card application, his Form I-213, and Agent Doherty's testimony in support of that determination.

Notwithstanding Gupta's arguments to the contrary, the agency did not place excessive weight on Gupta's social security card application, which listed his place of birth as Calcutta, India. Gupta conceded that the signature on the application was his, and the agency reasonably credited the concession of foreign birth in the application given that Gupta was eighteen years old and could read English when he signed it. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that we will not find error where an inference drawn by the IJ "is tethered to the evidentiary record").

The agency also did not err by admitting and crediting Agent Doherty's testimony that Gupta had stated that he was born outside

4

the United States during an interview regarding Gupta's submission of fraudulent school records in support of his passport renewal application. *See Zerrei*, 471 F.3d at 346. Gupta's challenge to Agent Doherty's credibility is based primarily on the IJ's finding in 2010 that Agent Doherty's testimony was entitled to little weight because he had difficulty recalling important details. The BIA, however, subsequently remanded proceedings to the IJ for entry of a new decision. In a 2013 decision, the IJ clarified that, despite Agent Doherty's difficulty remembering details, the agent testified "unequivocally" that Gupta had admitted that he was not born in the United States. Gupta has not presented us with any evidence that *compels* a finding that this aspect of Doherty's testimony is not credible.

The agency also did not err by admitting and crediting Gupta's Form I-213. We have held that an I-213 is "presumptively reliable," because it "contain[s] guarantees of reliability and trustworthiness that are substantially equivalent" to those required of business records admissible under the Federal Rules of Evidence. *Felzcerek v. INS*, 75 F.3d 112, 116-17 (2d Cir. 1996). Gupta argues that the I-213 in his case is unreliable evidence of his foreign birth because it was prepared 18 months after his interview, there were no contemporaneous interview notes in the record, and Agent Doherty did not prepare the I-213 himself. In support of this position, Gupta relies largely on *Murphy v. INS*, 54 F.3d 605 (9th Cir. 1995). We

5

find that this reliance is misplaced. In contrast to *Murphy*, Agent Doherty testified and was cross-examined regarding the information in the I-213 and the circumstances surrounding its development. *Cf. Murphy*, 54 F.3d at 610-11. In light of his testimony, the agency reasonably concluded that the I-213 was admissible and entitled to weight. *See Felzcerek*, 75 F.3d at 116-17; *Zerrei*, 471 F.3d at 346; *cf. Tejeda-Mata v. INS*, 626 F.2d 721, 724 (9th Cir. 1980).

Gupta's proffer consisted of one piece of documentary evidence: his mother's 1995 application for adjustment of status which listed Gupta's place of birth as California. The agency gave diminished weight to that evidence based on his mother's strong incentive to conform the information on her application to Gupta's then-recently-obtained Delayed Registration of Birth (procured through the submission of Gupta's fraudulent school records). That determination was reasonable.

Gupta also faults the agency for discounting his and his parents' testimony. The agency, however, did not err in declining to credit their testimony because of the absence of *any* corroborating evidence. *Cf. Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Gupta's father testified that the hospital in California had given him a

6

document stating that his son was born there, but that he gave the document to the Indian government in 1969 to register his son as an Indian citizen. Gupta did not provide evidence that he or his family attempted to recover that hospital record, despite having ample time to do so. Nor did Gupta's parents submit passports or any other evidence that they were in the United States in 1969 or that Gupta was endorsed on either of their passports upon leaving the United States as they claimed. Nor did they offer any evidence from doctors regarding the post-natal medical care they purportedly received in the United States, England, and India. Under these circumstances, the agency did not err in declining to credit their testimony. *See Siewe*, 480 F.3d at 168-69.

Given the agency's reasonable consideration of Gupta's social security card application, Form I-213, and Agent Doherty's testimony, as well as its proper bases for discounting the testimony of Gupta and his parents, it cannot be said that "any rational trier of fact would be compelled to conclude that the proof [of Gupta's foreign birth] did not rise to the level of clear and convincing evidence." *Francis*, 442 F.3d at 138-39.

The government's proof of Gupta's foreign birth created a rebuttable presumption of alienage. *See Rodriguez-Tejedor*, 23 I. & N. Dec. at 164; *Tijerina-Villarreal*, 13 I. & N. Dec. at 330. Gupta failed to rebut that presumption because he offered no basis for citizenship other than the location of his birth. *See id.* We

7

therefore conclude that we lack jurisdiction to review his petition.

*Ashton*, 431 F.3d at 99.  The petition for review is DISMISSED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk