**DONG FENG DONG–CHEN,**
Petitioner,

v.

**Michael B. MUKASEY,\* Attorney General of the United States,**
Respondent.

No. 07–3113–ag.

United States Court of Appeals,
Second Circuit.

May 20, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

**50**

Sheema Chaudhry (Michael Brown, on the brief), Law Offices of Michael Brown, New York, NY, for Petitioner.

Anthony Norwood, Senior Litigation Counsel (Annette J. Clark, of counsel, Terri J. Scadron, Assistant Director, Jeffrey S. Bucholtz, Acting Assistant Attorney General, on the brief), Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, DC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Dong Feng Dong–Chen, a native and citizen of the People's Republic of China, seeks review of an order of the BIA issued on June 26, 2007, dismissing his appeal from the decision of an immigration judge ("IJ") on November 29, 2005, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA "agrees with an IJ's ultimate credibility determination but emphasizes particular aspects of the IJ's reasoning," we review "both the BIA's and the IJ's opinions, including those portions of the IJ's decision that the BIA did not explicitly discuss." *Dong Gao v. Bd. of Immigration Appeals*, 482 F.3d 122, 126 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, "under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Niang v. Mukasey*, 511 F.3d 138, 145 (2d Cir.2007) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because Dong–Chen filed his application for relief in June 2005, his application is governed by the REAL ID Act of 2005, Pub.L. No. 109–13, div. B, 119 Stat. 302. *See Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 106 n. 2 (2d Cir.2006) (per curiam). Section 101(a)(3) of the Act, 119 Stat. at 303, added 8 U.S.C. § 1158(b)(1)(B)(iii), which permits an IJ to base a credibility determination on "all relevant factors," including the applicant's "demeanor, candor, [and] responsiveness"; "the inherent plausibility of [his] account"; and "the consistency between [his] written and oral statements (whenever made and whether or not under oath, and consider-

ing the circumstances under which the statements were made) ... without regard to whether an inconsistency ... goes to the heart of [his] claim." *Liang Chen,* 454 F.3d at 106 n. 2 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Dong–Chen's principal argument on appeal is that the IJ erred in basing the adverse credibility determination in part on an inconsistency between Dong–Chen's testimony and asylum application, on the one hand, and the record of his interview by a border patrol agent on Form I–213 when he entered the United States in 2004, on the other. Specifically, Dong–Chen testified and wrote in his application that he came to the United States to escape persecution for being a Falun Gong practitioner, whereas the Form I–213 reported that he came to the United States to seek employment. He argues that the Form I–213 should be considered unreliable under the four factors enunciated in *Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004), for analyzing whether the record of an airport interview is a sufficiently accurate record of an alien's statements to be worthy of consideration in determining whether the alien is credible. *See id.* at 179.

We see no basis to reject the IJ's reliance on this inconsistency as one factor in making the adverse credibility finding. In *Felzcerek v. INS,* 75 F.3d 112 (2d Cir.1996), we held that a "Form I–213 contain[s] guarantees of reliability and trustworthiness that are substantially equivalent to those required of documents admissible under Rule 803(8) [of the Federal Rules of Evidence, which relates to public records and reports]." *Id.* at 116. Here, however, as the BIA specifically noted, Dong–Chen does not argue that his I–213 is less reliable than I–213s are as a general matter. Indeed, he testified that the other information on the form accurately reflected his statements. Additionally, we note that the REAL ID Act expressly permits the BIA to consider inconsistencies between any statements, wherever made, and that the agency here in fact considered *Ramsameachire* in making its determination that the Form I–213 was sufficiently reliable to be used as one factor in an adverse credibility determination. Accordingly, the BIA did not err by basing its adverse credibility determination partly on the Form I–213.

Under the circumstances, however, this single factor cannot be more than modestly probative of Dong–Chen's credibility and is therefore insufficient, on its own, to sustain the BIA's adverse credibility finding. *See Belortaja v. Gonzales,* 484 F.3d 619, 626 (2d Cir.2007) ("[A]n adverse credibility determination ... [must be] supported by substantial evidence and based on specific, cogent reasons bearing a legitimate nexus to the determination."). Nevertheless, the BIA also reasonably relied on other factors that, taken together and in conjunction with the inconsistency already noted, lead us to conclude that a reasonable factfinder would not be compelled to find Dong–Chen credible. First, the IJ found that Dong–Chen lacked credibility because his asylum application lacked much of the specificity and detail that his testimony contained. The IJ and BIA relied on at least four omissions in Dong–Chen's asylum application: (1) the place and length of Dong–Chen's detention; (2) how he escaped from detention; (3) the name of the friend who introduced him to Falun Gong; and (4) the number of people with him when he was apprehended. This aspect of the agency's factfinding was proper because the agency may find an asylum applicant to lack credibility when his asylum application entirely fails to mention incidents that his testimony establishes as significant to his claim of

**52**

asylum. *See Iouri v. Ashcroft,* 487 F.3d 76, 81–82 & n. 4 (2d Cir.2007); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam). Importantly, this aspect of the agency's factfinding was not an erroneous demand for greater testimonial specificity. *See Qiu v. Ashcroft,* 329 F.3d 140, 150–53 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. Gonzales,* 494 F.3d 296 (2d Cir.2007) (en banc). *Qiu,* which limits the circumstances in which the BIA may properly deny asylum on the ground that an alien's testimony is "too vague," does not address cases, such as this one, in which the BIA finds that testimony lacks credibility because it differs from the account provided in the asylum application.

Furthermore, even if each of these omissions is immaterial when considered in isolation, such individualized consideration would be inappropriate because "an IJ need not consider the centrality *vel non* of each individual discrepancy or omission before using it as the basis for an adverse credibility determination." *Liang Chen,* 454 F.3d at 106–07. "Rather, the IJ may rely upon the 'cumulative impact of such inconsistencies' and may conduct an 'overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.'" *Id.* at 107 (citations omitted) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 15 (2d Cir.), *modified on reh'g,* 471 F.3d 315 (2d Cir.2006)). In this case, "the discrepancies and omissions cited by the IJ, taken together, would allow a 'reasonable adjudicator' to disbelieve [Dong–Chen's] account of his persecution." *Id.* (citation omitted) (citing 8 U.S.C. § 1252(b)(4)(B)).

Second, the IJ based the adverse credibility determination on Dong–Chen's account of his practice of Falun Gong while in the United States. Dong–Chen testified that it was preferable to practice Falun Gong in groups and that he practiced in groups while in China. In fact, he was practicing Falun Gong with a group when he was allegedly apprehended. Yet in the United States, where he had been residing for over a year at the time of his testimony, Dong–Chen only practiced Falun Gong alone, supposedly because he did not know any other practitioners. The IJ found this account to be implausible given Dong–Chen's stated motivation for coming to the United States. We see no reason to reject the IJ's reliance on this aspect of Dong–Chen's testimony. "An adverse credibility finding may be based in part upon testimony that the IJ finds inherently implausible, as long as the finding has a reasoned and supportable basis," *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006), as this finding does.

We conclude that, viewing the record as a whole, substantial evidence supports the adverse credibility determination here, and a reasonable factfinder would not be compelled to make a contrary determination. We also conclude that the agency's decision to deny Dong–Chen's application for withholding of removal and CAT relief, which is based on the same factual predicate that the agency found Dong–Chen failed to establish, was supported by substantial evidence as well. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

We have considered Dong–Chen's remaining arguments and find them to be without merit. For the reasons set forth above, therefore, the petition for review is hereby DENIED. Because we have completed our review, Dong–Chen's pending motion for a stay of removal is hereby DISMISSED as moot.