09-4124-ag
Jiang v. Holder

BIA
Bukszpan, IJ
A094 787 213

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <ins>SUMMARY ORDER</ins>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand ten.

PRESENT:
>    JOSÉ A. CABRANES,
>    ROBERT A. KATZMANN,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

XIU LIANG JIANG,
>    *Petitioner*,

>    v.                                          09-4124-ag
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:         Henry Zhang, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; William C. Peachey,
                        Assistant Director; Theo Nickerson,
                        Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiu Liang Jiang, a native and citizen of the People's Republic of China, seeks review of a September 11, 2009, order of the BIA reversing the December 20, 2007, decision of Immigration Judge ("IJ") Joanna M. Bukszpan insofar as it pretermitted Jiang's asylum application, and affirming her decision denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiu Liang Jiang*, No. A094 787 213 (B.I.A. Sept. 11, 2009), *aff'g in part* No. A094 787 213 (Immig. Ct. N.Y. City Dec. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

Substantial evidence supports the IJ's adverse credibility determination.  For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Jiang's argument, the agency did not err in relying on the contents of the form I-213 (Record of Deportable/Inadmissible Alien) issued after he was detained at the border. As we have found, an I-213 form is "presumptively reliable," because it "contain[s] guarantees of reliability and trustworthiness that are substantially equivalent" to those required of business records admissible under the Federal Rules of Evidence.  *Felzcerek v. INS*, 75 F.3d 112, 116-17 (2d Cir. 1996).  In addition, we have examined the reliability of the form I-213 and are confident that it represents a "sufficiently accurate record" of Jiang's statements to merit consideration in determining whether he was credible.  *Ramsameachire v. Ashcroft*, 357

3

F.3d 169, 179 (2d Cir. 2004); *see also Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). Therefore, the agency reasonably relied on the inconsistency among the form I-213, which stated that Jiang was a Christian, Jiang's testimony that he was a Buddhist, and his asylum application in which he marked "n/a" in the space left for religion. *See Xiu Xia Lin*, 534 F.3d at 167. To the extent that Jiang offered explanations for these discrepancies, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given these discrepancies, the IJ reasonably noted the absence of evidence corroborating Jiang's claim that he began practicing Falun Gong because he suffered from rheumatoid arthritis, and did not err in concluding that the absence of such evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because Jiang's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the adverse credibility determination was fatal to each of those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk