10-3825-ag
Khan v. Holder

BIA
Vomacka, IJ
A075 974 218

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
>       ROGER J. MINER,
>       ROBERT D. SACK,
>       PETER W. HALL,
>            *Circuit Judges.*

_____

MOHAMMAD NAWAZ KHAN,
>       *Petitioner,*

>       v.                                        10-3825-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Mitchell C. Zwaik, Bohemia, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Stephen J. Flynn, Assistant
                         Director; Annette M. Wietecha,
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Nawaz Khan, a native and citizen of Pakistan, seeks review of an August 27, 2010, order of the BIA, affirming the June 22, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka, which found him removable and denied his motion to terminate proceedings. *In re Mohammad Nawaz Khan*, No. A075 974 218 (B.I.A. Aug. 27, 2010), *aff'g* No. A075 974 218 (Immigr. Ct. N.Y. City June 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We have reviewed the agency's denial of Khan's motion to terminate proceedings for abuse of discretion. *See, Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Here, the agency did not abuse its discretion in denying Khan's motion to terminate his proceedings based on its finding that Khan did not have a genuine job offer underlying his visa petition and he presented fraudulent evidence, in particular a list of students he was purportedly teaching, in order to obtain his visa.

In finding that Khan's religious worker visa petition was based on fraud, the agency reasonably relied on the testimony of Special Agent Marten, who interviewed many of the parents whose names appeared on the list of students. Special Agent Marten testified that of the parents he interviewed, only one confirmed that Khan had provided religious instruction as asserted in his visa petition. Moreover, Khan conceded that one signature on the list was obtained by someone else and he did not know who actually signed the form. In finding that the petition was fraudulently obtained, the agency also reasonably relied on Khan's testimony that while he was purportedly engaged full-time as a religious instructor, he worked part-time as a construction worker, a gas station attendant, and at a donut

2

shop, and had paid $5,000 to the organization that submitted the visa petition on his behalf. As a result, we conclude that substantial evidence supports the agency's determination that Khan's removability was shown by clear and convincing evidence, for we cannot say that "'any rational trier of fact would be compelled to conclude that the proof did not rise to [that] level.'" *See Zerrei v. Gonzalez*, 471 F.3d 342, 345 (2d cir. 2006) (per curiam)(quoting *Francis v. Gonzalez*, 442 F.3d 131, 138-39 (2d Cir. 2006).

Notwithstanding Khan's arguments to the contrary, the agency reasonably relied on Special Agent Marten's testimony and investigation notes in finding Khan removable. *See Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 268 (2d Cir. 2006). This evidence was probative, and its use was fundamentally fair because the reliability and trustworthiness of the evidence were ensured through cross examination. *See Maryland v. Craig*, 497 U.S. 836, 846 (1990); *see also Felzcerek v. I.N.S.,* 75 F.3d 112, 116 (2d Cir. 1996) (noting that "records made by public officials in the ordinary course of their duties . . . evidence strong indicia of reliability").

Khan's argument that he should have been provided an interpreter at his airport interview lacks merit. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004). As noted by the BIA, Khan never stated that he needed a translator during his airport interview, and he never presented any evidence indicating that he was misunderstood. Rather, Khan provided detailed and responsive answers during the course of his airport interview that was. Those answers were, to a large extent, in conformance with his hearing testimony regarding his airport interview. As a result, the record does not compel the conclusion that Khan was improperly denied an interpreter at his airport interview; the agency's determination to the contrary is supported by substantial evidence. *See id*.

Although Khan argues that the IJ ignored notarized statements from four parents indicating that he taught the Quran to their children, the record does not compellingly suggest that the agency failed to consider this evidence. Rather, the agency reasonably relied on Special Agent

3

Marten's testimony that four of the parents he interviewed indicated that they did not know Khan, that Khan did not teach their children, and that the signatures on Khan's student list were not theirs. *See id.*

Lastly, we decline to consider Khan's argument made for the first time in this court that IJs lack authority to remove an alien who has entered the United States on a valid alien registration document unless the underlying visa petition has been revoked. This argument was not raised before the agency at any stage of the proceedings and is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4