Dong v. Yates

BIA
Christensen, IJ
A072 475 138

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand seventeen.

PRESENT:
            REENA RAGGI,
            SUSAN L. CARNEY,
            CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*
_____

JIE-TAN DONG, AKA EDGAR GONZALEZ,
            *Petitioner,*

            v.                                              15-1805
                                                            NAC
SALLY Q. YATES, ACTING UNITED
STATES ATTORNEY GENERAL,
            *Respondent\*.*
_____


FOR PETITIONER:          WaiSim M. Cheung, New York, NY.


_____

\*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jie-Tan Dong, a native and citizen of the People's Republic of China, seeks review of a May 8, 2015 decision of the BIA, affirming a March 20, 2013 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie-Tan Dong,* No. A072 475 138 (B.I.A. May 8, 2015), *aff'g* No. A072 475 138 (Immig. Ct. N.Y. City Mar. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Adverse Credibility Determination

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis in original) (internal quotation marks omitted).

Substantial evidence supports the agency's determination that Dong was not credible. Dong conceded that his 1993 application was false and incorporated that application into his 2011 application. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance

3

of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Additionally, Dong admitted to using a false Venezuelan passport to enter the United States in 1993. We have held that "[t]he presentation of fraudulent documents that were created to escape persecution may actually tend to support an alien's application" and generally may not be used to undermine credibility. *Id.* at 170 (emphasis omitted). That is not Dong's situation, however, because he disavowed his 1993 asylum claim and was therefore not fleeing persecution.

Further, the agency reasonably relied on inconsistencies between Dong's testimony and the testimony and statement from the witness he called to corroborate his religious practice in the United States. 8 U.S.C. § 1158(b)(1)(B)(iii). Dong and the witness were inconsistent as to how long they had known each other and whether they were acquainted when Dong was baptized. The agency was not required to accept Dong's explanation, which did not fully explain the discrepancies. *See Majidi*, 430 F.3d at 80.

Given Dong's incorporation of his admittedly false 1993 asylum application into his 2011 application, his use of a false passport, and these inconsistencies related to the religious

4

practice that formed the basis of his asylum claim, the agency's credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of his claims for asylum, withholding of removal, and CAT relief because all three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we need not reach the agency's alternative burden finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Frivolous Asylum Application

If the agency determines that an alien has knowingly filed a frivolous application for asylum, the alien is permanently ineligible for any immigration benefits, save withholding of removal and CAT relief. 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20. In making such a finding, an IJ must (1) give the alien notice of the consequences of filing a frivolous application; (2) make a specific finding that the alien knowingly filed a frivolous application; (3) identify sufficient evidence in the record to support the finding that a "material element[]" of the asylum application was "deliberately fabricated"; and

5

(4) allow the alien "sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20; *Matter of Y-L*, 24 I. & N. Dec. 151, 155 (BIA 2007).

Dong argues that the agency's finding that he filed a frivolous application violated due process because he withdrew his 1993 application in 1998 and disavowed the application at his hearing *before* he received the frivolous finding warning and before he signed his 2011 application under oath. He argues that this chronology proves that his disavowal of his 1993 application was also "meant to retract and recant the . . . one-line reference to the 1993 application" that appeared in his 2011 application and that the reference was merely a mistake. Dong stresses that he did not submit the 1993 application as evidence, but that it "appears to be the IJ's own sua sponte incorporation."

As an initial matter, the 1993 application was admissible because it was reliable evidence of his actions. *See Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir. 1996) ("The due process test for admissibility of evidence in a deportation hearing is whether the evidence is probative and whether its use is fundamentally fair. . . . [F]airness is closely related to the reliability and trustworthiness of the evidence."). Dong did not dispute

6

that the application was the one that he filed in 1993 and withdrew in 1998.

Dong's argument that the timing of the frivolous finding warning violated due process is belied by the record. The IJ acknowledged that Dong filed (and withdrew) his 1993 application before Dong received any frivolous filing warnings and concluded that it could not make a frivolous filing finding regarding that application. The IJ gave Dong the frivolous filing warning regarding Dong's 2011 application, however, and Dong swore thereafter "that the contents . . . and each of the supporting documents that [he] submitted are true and correct to the best of [his] knowledge." Dong then signed the application, which incorporated the 1993 application as evidence of his past harm. Dong's statement that he was "not going to pursue [the 1993] application" did not constitute an explicit renunciation of its incorporation into the 2011 application and he failed to modify his 2011 application either before or after he received the frivolous filing warning.

Dong's own testimony further undermines his claim that he recanted the 2011 application's incorporation of the 1993 application or that the incorporation was merely a mistake. At the hearing, when asked why the Chinese government would

persecute him, his initial response was to refer to his "student[] movement activities," mentioned in his 1993 asylum application. This reference to his family's alleged opposition to the Chinese government's reaction to the student-led protests at Tiananmen Square supports the IJ's conclusion that Dong intended to incorporate his fabricated 1993 asylum claim into his 2011 application. It was only after a brief recess during the hearing that Dong testified, in conformity with his 2011 application, that he feared religious persecution. Given Dong's subsequent concession that his 1993 application was a complete fabrication, his reliance on it in his 2011 application and at the hearing supports the finding that he filed a frivolous application.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8