Guediara v. Sessions

BIA
Sichel, IJ
A089 193 531

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

MOUSSA GUEDIARA, AKA YAYA CAMARA,
> *Petitioner,*

> v.                                          16-2625
>                                             NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Gary J. Yerman, New York, NY.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant
                             Attorney General; Jessica A.
                             Dawgert, Senior Litigation Counsel;
                             Yanal H. Yousef, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Moussa Guediara, a native and citizen of Côte d'Ivoire, seeks review of a June 30, 2016, decision of the BIA affirming a May 12, 2015, decision of an Immigration Judge ("IJ") denying Guediara's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moussa Guediara*, No. A089 193 531 (B.I.A. June 30, 2016), *aff'g* No. A089 193 531 (Immig. Ct. N.Y. City May 12, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the IJ's decision, we review the IJ's decision, as modified by the BIA, i.e., minus the findings regarding timeliness and changed circumstances that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Petitioner raises two issues on appeal: (1) whether the agency erred in relying on fingerprint evidence from the Department of Homeland Security ("DHS"); and (2) whether substantial evidence supports the agency's determination that Guediara was not credible.

## I. Admission of Fingerprint Evidence

"The due process test for admissibility of evidence in a deportation hearing is whether the evidence is probative and whether its use is fundamentally fair." *Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir. 1996) (internal quotation marks omitted). "In the evidentiary context, fairness is closely related to the reliability and trustworthiness of the evidence." *Id*. While "the strict rules of evidence do not apply in deportation proceedings," a document's "admissibility under the Federal Rules of Evidence lends strong support to the conclusion that admission of the evidence comports with due process." *Id.* at 116. "Records made by public officials in the ordinary course of their duties . . . evidence strong indicia of reliability. . . . because public officials are presumed to perform their duties properly and generally lack a motive to falsify information." *Id.; see also Barradas v. Holder*, 582 F.3d 754, 763 (7th Cir. 2009) ("[W]hen the evidence introduced is that recorded by a DHS agent in a public record, the absent agent cannot be presumed to be an unfriendly witness or other than an accurate recorder. Establishing an automatic right to cross-examine the preparers of such documents would place an unwarranted burden on the DHS." (internal citations and

quotation marks omitted)).  A petitioner can overcome this presumption by providing evidence that undermines the reliability of the official records in question.  *Felzcerek*, 75 F.3d at 117.

The fingerprint evidence in this case—printouts from a DHS database tracking the entry of aliens into the United States—are official records prepared by DHS agents in the ordinary course of their duties.  Because these official records are presumed to be reliable, *id*. at 116, and Guediara did not introduce any evidence calling into question their reliability (such as evidence of tampering or mistake), DHS was not required to call a witness to document the chain of custody or preparation of the records.

Furthermore, DHS called a fingerprint specialist whom Guediara had an opportunity to cross examine.  While Woods did not have personal knowledge of the preparation or chain of custody of the fingerprints, his testimony helped to establish the records' reliability by describing how he obtained the fingerprints from the DHS database, confirming that the prints did not match, and explaining that the database would automatically consolidate matching fingerprints even if an individual gave a different name.  Ultimately, it was up to the

IJ to weigh the DHS evidence and Woods's testimony against Guediara's conflicting testimony regarding his date of entry. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). We find no error in the agency's admission of the DHS fingerprint evidence.

## II. Adverse Credibility Ruling

We review the agency's credibility determination for substantial evidence. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008); *see also* 8 U.S.C. § 1252(b)(4). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility finding on inconsistencies between an asylum applicant's testimony and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Credibility rulings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165.

The fingerprint evidence contradicting Guediara's testimony about his date and manner of entry constitutes substantial evidence supporting the adverse credibility determination. The discrepancy about Guediara's arrival called into question when he entered the United States and

whether he was in Côte d'Ivoire at the time of his alleged persecution, thereby calling into question the entirety of his claim. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Guediara's speculation that there may have been another individual named Yaya Camara who entered the United States on the same day does not resolve the issue because it does not account for the lack of any entry record with fingerprints matching Guediara's. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Furthermore, Guediara did not rehabilitate this testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). While his certificate

6

of citizenship and attestation of identity corroborated his Ivorian identity, the documents did not show he was in Cote d'Ivoire in 2006, when the alleged persecution occurred, or show when he entered the United States. As the IJ found, Guediara's timeline was further undermined by other documentary evidence: the signature on a 2006 certificate allegedly reflecting the sale of his business did not match Guediara's signature on his asylum application; and Guediara submitted a political membership card for 2004-2005 but not for 2006-2007.

Given the discrepancy between Guediara's testimony and the fingerprint evidence regarding his entry date as well as the lack of corroborating evidence, the totality of the circumstances supports the adverse credibility ruling. 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe*, 480 F.3d at 170; *Biao Yang*, 496 F.3d at 273. Because Guediara's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk