Ren v. Barr

BIA
Christensen, IJ
A202 018 631

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

JIANLEI REN,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

17-4128
NAC

FOR PETITIONER: Wei Gu, Albertson, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Steven K. Uejio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianlei Ren, a native and citizen of the People's Republic of China, seeks review of a November 30, 2017, decision of the BIA affirming a March 22, 2017, decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianlei Ren,* No. A 202 018 631 (B.I.A. Nov. 30, 2017), *aff'g* No. A 202 018 631 (Immig. Ct. N.Y. City Mar. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 319, 394 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a

2

trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The multiple inconsistencies in Ren's statements among Ren's application, asylum interview, and hearing testimony provide substantial evidence for the adverse credibility determination.

As an initial matter, the agency reasonably relied on the record of Ren's asylum interview. The interview record here bears sufficient indicia of reliability. *See Diallo v. Gonzales*, 445 F.3d 624, 631-33 (2d Cir. 2006). It is a type-written "account of the specific questions asked of [Ren] and his specific responses to those questions," is not informally

annotated, and offers a "meaningful, clear, and reliable summary of the statements [Ren] made" at the interview. *Id.* at 632 (internal quotation marks omitted).

The interview record does not support Ren's allegation of coercive circumstances. Ren brought his own interpreter, and his answers were responsive to the questions asked and without any indication that the interpreter added commentary. The agency was not required to have the asylum officer testify before relying on the interview record. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006) ("The government is not required to comply with . . . the Federal Rules of Evidence . . . when seeking to have documentary evidence . . . admitted in a removal proceeding."); *Felzcerek v. INS*, 75 F.3d 112, 116-17 (2d Cir. 1996)(noting rule that government record prepared in the ordinary course of business is presumptively reliable and admissible).

Given the reliability of Ren's asylum interview record, substantial evidence supports the agency's determination that he was not credible. He alleged that he was arrested, beaten and detained for helping his wife escape from a forced abortion. Ren's testimony, application statement, and asylum

4

interview were inconsistent as to whether (1) Ren was present for the alleged encounter with Chinese officials and birth of his second child in 2013 or at sea working on a container ship, (2) his second child was born in secret or in a government hospital, (3) his second child was born in Beijing or Gaocheng, (4) he registered his second child's birth in July or November 2013, and (5) his marital status in his household registry was accurate. Ren did not compellingly explain these contradictions and discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)). Ren contends that some of these inconsistencies arose from an erroneous translation of his asylum application, but he did not present a corrected translation to the agency and does not do so now. *Id.*

Given these inconsistencies, the agency reasonably relied on Ren's failure to rehabilitate his questionable testimony with reliable corroboration. *See Biao Yang v.*

5

*Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Ren has waived any challenge to the weight the agency gave his evidence by not challenging the findings in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Even if raised, "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). We find no error in the agency's decision not to give weight to letters from interested witnesses in China who were unavailable for cross examination and government notices that relied on Ren's credibility for their validity. *See id.* (deferring to the agency's decision to afford little weight to petitioner's husband's letter because it was unsworn and from an interested witness); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (deferring to weight IJ gave evidence after finding petitioner was not credible).

6

Given the multiple inconsistencies and Ren's lack of independently reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

7