Zavala Almendades v. Garland

BIA
Mulligan, IJ
A212 948 056

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

VICTOR ZAVALA ALMENDADES, AKA
VICTOR ZAVALA, AKA VICTOR
ALMENDADES,
> *Petitioner,*

v.                                                    18-3587
                                                      NAC
MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Ramya Ravishankar, Janet E.
                       Sabel, Adriene Holder, Hasan
                       Shafiqullah, Julie Dona, Deepa
                       Vanamali, The Legal Aid Society,
                       New York, NY.

**FOR RESPONDENT:** Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Victor Zavala Almendades seeks review of a November 29, 2018 decision of the BIA affirming a March 15, 2018 decision of an Immigration Judge ("IJ") ordering his removal to El Salvador and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Victor Zavala Almendades,* No. A 212 948 056 (B.I.A. Nov. 29, 2018), *aff'g* No. A 212 948 056 (Immig. Ct. N.Y.C. Mar. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *Yan Chen v.*

2

*Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

Alienage is a threshold issue in removal proceedings, and the Department of Homeland Security ("DHS") bears the burden of establishing an individual's alienage by clear and convincing evidence. *See* 8 C.F.R. § 1240.8(c) ("In the case of a respondent charged as being in the United States without being admitted or paroled, the Service must first establish the alienage of the respondent."); *Woodby v. INS*, 385 U.S. 276, 286 (1966) (setting the clear and convincing evidence standard).

DHS charged Zavala Almendades for being removable as a native and citizen of El Salvador. As evidence of alienage, DHS submitted its Form I-213 alien record, an accompanying record of an interview conducted on January 31, 2017, criminal booking information, and a criminal records database report (a "rap" sheet). Zavala Almendades objected to the evidence and moved to terminate his removal proceedings, arguing that

3

the documents were unreliable and unauthenticated, and that the information on the I-213 was inadmissible hearsay and obtained in violation of his Fifth Amendment rights.

The IJ orally denied the motion to terminate, stating only that "[t]he Government has submitted independent proof [of alienage]." Certified Administrative Record ("CAR") at 215. The IJ did not specify what independent proof he relied upon at the hearing.[1] The BIA disposed of Zavala Almendades's appeal of this issue with two sentences: "While on appeal the respondent seeks to challenge the admission of documents pertaining to his alienage . . . , he provided both a declaration and testimony as to his birth in El Salvador . . . Thus, we find no error in this regard." CAR at 6.[2]

The IJ's lack of analysis and the BIA's reliance on Zavala Almendades's defensively filed asylum application and withdrawn pro se testimony require remand.

As noted above, the IJ did not identify what evidence he relied upon to find that DHS met its burden of proving

---

[1] In his subsequent written decision, the IJ appeared to rely on Zavala Almendades's asylum application filed as a defense against removal. *See* CAR at 169 (citing *id.* at 1158-1171). But as explained below, this reliance was barred by 8 C.F.R. § 1240.11(e).

[2] Although the BIA did not specify the "declaration" and "testimony" that it relied upon, its citations to the record made clear that it was referring to the declaration Zavala Almendades submitted as part of his defensively filed asylum application, *see* CAR 1060-64, and the later-withdrawn statements that Zavala Almendades made to the visiting IJ while representing himself, *see id.* at 188-90.

4

alienage.  This lack of analysis frustrates any meaningful judicial review.  *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions . . . and indeed must require such if judicial review is to be meaningful."); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (holding that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

Moreover, our review of the record does not clarify what "independent proof" of alienage the IJ could have relied upon in reaching its decision.  First, the IJ erred to the extent that it relied upon the Government's Form I-213 or accompanying interview records without resolving the parties' disputes over the veracity of those records.  The Government is correct that we have held that an I-213 is "presumptively reliable" because it "contain[s] guarantees of reliability and trustworthiness that are substantially equivalent" to those required of business records admissible under the Federal Rules of Evidence.  *Felzcerek v. INS*, 75 F.3d 112,

116–17 (2d Cir. 1996). But in *Felzcerek*, there was "no evidence to contradict or impeach the statements in the report," and, we noted that if "the reliability of the form is somehow undermined," further scrutiny is required, including possibly requiring the agent who completed the I-213 to testify. *Id.* at 117. Here, Zavala Almendades submitted a sworn declaration that he did not answer any questions or provide any of the information alleged in the I-213 and accompanying interview record. And the record reflects that he declined to sign the interview record. Moreover, Zavala Almendades's Legal Aid criminal defense attorney confirmed: that it is Legal Aid's practice to advise clients not to answer any questions including as to their name or date of birth; that Zavala Almendades's client file reflects that Legal Aid was assigned at arraignment on January 30, 2017 (the day before the interview); and that there were no notes in the file that any immigration officer attempted to question him before February 1, 2017. The IJ therefore erred to the extent that he relied upon the I-213 and accompanying documentation without resolving the parties' evidentiary dispute.

6

Second, Zavala Almendades's criminal records - the booking information and the rap sheet — do not qualify as reliable independent evidence, particularly as there is no indication where the information on the booking record came from. *See Francis v. Gonzales*, 442 F.3d 131, 143 (2d Cir. 2006) (stating that rap sheets may be admissible but "will usually fail to rise to the level of clear and convincing evidence" of a conviction and "do not necessarily emanate from a neutral, reliable source").

While the BIA relied on two other sources of evidence to establish Zavala Almendades's alienage – his defensively filed asylum application and pro se testimony – those sources also do not qualify as independent proof of alienage. The relevant regulations bar the agency from using a petitioner's defensively filed asylum application to sustain DHS's burden. Indeed, 8 C.F.R. § 1240.11(e) specifically states that "[a]n application under this section shall be made only during the hearing and shall not be held to constitute a concession of alienage or deportability in any case in which the respondent does not admit his or her alienage or deportability." We are unpersuaded by the Government's

7

arguments that this regulation does not bar the use of Zavala Almendades's defensively filed asylum application here. The Government first contends that the BIA did not rely on "a concession of alienage" in his asylum application but rather on the "*information* contained within" the declaration that accompanied the application. Gov't Br. At 20. But that declaration was *part* of the application, and the Government does not explain how a respondent could make a "concession of alienage" in an asylum application without including the *information* that the respondent was born in a foreign country. 8 C.F.R. § 1240.11(e). We similarly reject the Government's argument that 8 C.F.R. § 1208.3(c)(1) allows the Government to use information in an asylum application to satisfy any of its burdens of proof. *See* 8 C.F.R. §1208.3(c)(1) ("[I]nformation provided in the application may be used . . . to satisfy any burden of proof in exclusion, deportation, or removal proceedings.") That regulation applies to affirmative asylum applications filed with U.S. Citizenship and Immigration Services, not to a defensive asylum application filed in removal proceedings, as is the case here. *See* *id.* § 1208.3(c)(1) (describing asylum applications

8

received "by the Service" – *i.e.,* affirmative applications).[3]

The Government does not defend the BIA's use of Zavala Almendades's pro se testimony as to his alienage. And the BIA erred in relying on that testimony because the IJ granted his request to withdraw those statements based on due process concerns. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006) ("Evidence may be admitted in accordance with the standard for due process 'if it is probative and its use is fundamentally fair.'").

Accordingly, given the IJ's lack of analysis and the BIA's impermissible reliance on the defensively filed asylum application and withdrawn testimony, we remand for the agency to reconsider or further explain its conclusion that DHS met its burden of proof.

Because alienage is a threshold issue, we do not now address the entirety of Zavala Almendades's claims for asylum, withholding of removal, and CAT relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the

---

3 The Department of Justice recently published a final rule amending 8 C.F.R. § 1208.3, effective January 15, 2021. See Procedures for Asylum and Withholding of Removal, 85 Fed. Reg. 81698, 81699 (Dec. 16, 2020). On appeal, the Government has not argued that the new rule applies retroactively or otherwise justifies the BIA's 2018 reliance on Zavala Almendades's defensive asylum application. Accordingly, we assume without deciding that the new rule does not apply retroactively to this case.

decision of which is unnecessary to the results they reach."). On remand, the agency should also consider whether Zavala Almendades stated a claim for asylum or withholding of removal based on an anti-gang political opinion, taking into account our recent decision in *Zelaya Moreno v. Wilkinson,* 989 F.3d 190 (2d Cir. 2021).  The agency failed to address the issue previously and mischaracterized it as a social group claim. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir. 2007) (stating that we may consider only those issues that formed the basis for the agency decision).

For the foregoing reasons, the petition for review is hereby GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10