Dhavamani v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges.*

———————————————————————

ARUN PRAKASH DHAVAMANI,
> *Petitioner*,

v.                                                                      **22-6244**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

———————————————————————

**FOR PETITIONER:**                Daniel E. Jackson, Corfu, NY.

**FOR RESPONDENT:**               Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Jonathan A. Robbins, Assistant Director, Office of Immigration Litigation, Roberta O. Roberts, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Arun Prakash Dhavamani, a native and citizen of India, seeks review of a May 3, 2022 decision of the BIA affirming a December 8, 2021 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal.[1]  *In re Arun Prakash Dhavamani,* No. A 205 969 924 (B.I.A. May 3, 2022), *aff'g* No. A 205 969 924 (Immig. Ct. Batavia Dec. 8, 2021).   We assume the parties' familiarity with the underlying facts and procedural history.

A nonpermanent resident, like Dhavamani, may have his removal cancelled if he has been physically present in the United States for a continuous period of ten years, has good moral character, does not have certain convictions, and

---

[1] Dhavamani has not challenged the agency's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture.

establishes that his qualifying relatives would suffer "exceptional and extremely unusual hardship" if he were removed. 8 U.S.C. § 1229b(b)(1). If a nonpermanent resident meets these statutory eligibility requirements, then the IJ makes a discretionary determination whether to grant or deny cancellation. *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006).

Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1625 (2022) (holding that "§ 1252(a)(2)(B)(i) does not stop at just the grant or denial of relief; it extends to any judgment 'regarding' that ultimate decision"); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (holding that we lack jurisdiction to review "the correctness of an IJ's fact-finding" or the "wisdom" of the IJ's exercise of discretion). A colorable question of law may arise if the agency applies the wrong legal standard, *Barco-Sandoval*, 516 F.3d at 40–41, or "totally overlook[s]" or "seriously mischaracterize[s]" evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), but not where the applicant "quarrels over the correctness of the factual findings or justification for the discretionary choices," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

3

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), and conclude that Dhavamani has not raised a colorable question of law as to the IJ's refusal to exercise discretion.

The agency denied Dhavamani's application for cancellation of removal upon finding that he did not establish the requisite good moral character or exceptional and extremely unusual hardship to his qualifying relatives. The agency further determined that Dhavamani did not merit relief as a matter of discretion. The IJ denied relief as a matter of discretion on the ground that Dhavamani's acts of traveling interstate for purposes of engaging in illicit sexual conduct were negative factors that outweighed any positive equities.[2]

Dhavamani argues that the IJ erred by placing more weight on a detective's statements from a pre-trial criminal hearing than his own testimony in his removal hearing. However, the IJ did not err by considering the pre-trial hearing transcript. *See Felzcerek v. I.N.S.*, 75 F.3d 112, 116 (2d Cir. 1996) (noting that the Federal Rules of Evidence do not strictly apply in removal proceedings).

---

[2] These acts were the basis of criminal charges against Dhavamani. The agency's findings were based on the sworn testimony of a detective in connection with those charges rather than on the fact of his conviction. *See United States v. Dhavamani*, No. 20-4306, 2021 WL 4786614 (4th Cir. 2021) (affirming Dhavamani's conviction in part, and vacating in part).

Dhavamani does not argue that the IJ's reliance on the pre-hearing trial transcript was fundamentally unfair or not in accordance with due process, and instead contests the weight the IJ afforded to the testimony.

Dhavamani's argument that the IJ weighed the detective's statements "merely quarrels over the . . . justification for the discretionary choices." *Xiao Ji Chen*, 471 F.3d at 329; *see also id.* at 342 ("[T]he weight to afford . . . evidence lies largely within the discretion of the IJ" (quotation marks omitted)); *Guyadin v. Gonzales*, 449 F.3d 465, 468–69 (2d Cir. 2006) (finding no "jurisdiction to review any claim that an IJ or the BIA erred in weighing the factors relevant to" a denial of relief as a matter of discretion). Accordingly, Dhavamani failed to assert a colorable question of law challenging the agency's denial of cancellation as a matter of discretion. *See Barco-Sandoval*, 516 F.3d at 40–41.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5